Filed 3/21/22  Price v. City of Sacramento CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| ELLEN PRICE,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF SACRAMENTO,<br><br>        Defendant and Respondent. | C088482<br><br>(Super. Ct. No. 34-2016-00199508-CUWT-GDS) |

Ellen Price, an employee of the City of Sacramento (City), retired after being on a medical leave of absence for six months.  She sued the City for disability discrimination, claiming the City did not provide reasonable accommodation, but a jury found in favor of the City.  On appeal, Price contends the evidence does not support the jury's verdict.  We conclude Price's contention is without merit and will affirm the judgment.

BACKGROUND

Price worked as a dispatcher for the City from 1994 to 2014.  Sometime before early 2014, she injured her right ankle.  She continued to work until the pain in her ankle increased.  It was painful as she was required to use a foot pedal as part of her job.  By

1

early 2014, the pain also interfered with walking and driving. Price requested to work part-time because of the pain, and the request was granted. However, she never actually started working part-time. As the pain continued to increase, Price underwent surgery in June 2014.

In connection with the surgery and recovery, Price requested and was granted a medical leave of absence from June 11, 2014 to July 2, 2014. The letter approving her medical leave of absence notified Price that, if her leave exceeded six months, her position would be filled and she would be put on a reinstatement list.

Over the next several months, Price could not return to work and requested three additional medical leaves of absence, which were approved, until September 29, 2014. The letters granting the leaves of absence again noted that, if her leave extended to six months, her position would be filled and she would be put on a reinstatement list.

Price requested a fifth leave of absence because she scheduled ankle replacement surgery for October 2014. She asked to be on medical leave of absence through the end of January 2015. However, the City approved her leave of absence only through December 10, 2014, six months after she first went on leave. Price contacted the City, and Captain Michael McCarthy told her he was working on obtaining an exemption to the policy so that Price could be on leave beyond December 10, 2014. Ultimately, however, he was unable to obtain an exemption to the six-month policy for Price.

In mid-November 2014, Price spoke to Captain McCarthy. Price told Captain McCarthy she could not be without her medical benefits and that she would have to retire (she was 50 years old) to retain them. He told her he thought that sounded like her best option. Captain McCarthy and other City employees did not tell Price about COBRA, through which she could retain medical benefits after she separated from service. They also did not discuss with Price what accommodations could be made that would allow Price to return to work before December 11, 2014, or what it would mean for her to be put on the reinstatement list.

2

Price chose to retire on December 11, 2014, because she wanted to retain her medical benefits. She felt she had no other option. Price had planned to work until she was 55 years old. Price was not cleared by her physician to return to work until February 2015. After she was cleared to work, Price returned to the City as a reserve dispatcher, a non-CALPERS position that allowed her to work up to 80 hours per month without impacting her retirement benefits.

Price filed a complaint against the City, alleging disability discrimination under the Fair Employment and Housing Act (FEHA). (Gov. Code, § 12900 et seq.) After a trial, a jury rendered special verdicts finding Price could have performed the essential job duties of dispatcher with reasonable accommodation but that the City did not fail to provide reasonable accommodation to her. The trial court entered judgment in favor of the City.

### DISCUSSION

Government Code section 12940, part of the FEHA, makes it illegal for an employer to discriminate against an employee based on a physical disability or to fail to attempt to make a reasonable accommodation for such an employee. (Gov. Code, § 12940, subd. (n).) "A reasonable accommodation is a modification or adjustment to the work environment that enables the employee to perform the essential functions of the job he or she holds or desires. [Citation.] FEHA requires employers to make reasonable accommodation for the known disability of an employee unless doing so would produce undue hardship to the employer's operation. [Citation.] The elements of a reasonable accommodation cause of action are (1) the employee suffered a disability, (2) the employee could perform the essential functions of the job with reasonable accommodation, and (3) the employer failed to reasonably accommodate the employee's disability. [Citations.]" (*Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 373 (*Nealy*).)

Here, there is no dispute Price was an individual with a disability or that the City was her employer. The question presented is whether the evidence supports the jury's finding that the City did not fail to provide reasonable accommodation to Price.

Because the jury, the trier of fact in this case, rendered a special verdict, Price bears the burden on appeal of establishing the evidence did not support the verdict. (*Roesch v. De Mota* (1944) 24 Cal.2d 563, 570-571.) " 'We do not reweigh the evidence on appeal, but rather determine whether, after resolving all conflicts favorably to the prevailing party [citations], and according prevailing parties the benefit of all reasonable inferences [citation], there is substantial evidence to support the judgment.' [Citation.]" (*Hasson v. Ford Motor Company* (1982) 32 Cal.3d 388, 398.) Essentially, Price must show that, even considering the evidence in the light most favorable to the City, she is entitled to recover for failure to provide reasonable accommodation as a matter of law. (*Roesch,* at pp. 570-571.)

Price notes her request for accommodation was to extend her leave from December 10, 2014 to January 31, 2015. She claims that although she would have been able to return to work with reasonable accommodation, the uncontroverted evidence establishes that the City did absolutely nothing to provide reasonable accommodation to her, and thus the jury's finding that the City did not fail to reasonably accommodate her is not supported by any evidence.

Price's argument lacks merit. Price asked to work part time, and the City granted her request. The City also granted four of her requests for a leave of absence, and a fifth request was granted in part. Price argues the City did not suggest other possible accommodations that would allow her to return to work, but viewing the evidence in the light most favorable to the judgment, the record indicates she had not received medical clearance to return to work during the relevant time period. FEHA does not require an employer to hold a position open indefinitely. (*Nealy, supra*, 234 Cal.App.4th at pp. 377-378.)

4

Nothing in the record precludes the jury's implicit finding that a six-month medical leave of absence was a reasonable accommodation and that it was reasonable for the City to decline a longer absence. Price has not met her burden to establish that notwithstanding the substantial evidence of reasonable accommodation, she is nevertheless entitled to recover as a matter of law. The evidence supports the verdict.

## DISPOSITION

The judgment is affirmed. The parties will bear their own costs on appeal. (Gov. Code, § 12965, subd. (b); *Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 950.)


/S/
MAURO, Acting P. J.

We concur:


/S/
DUARTE, J.


/S/
HOCH, J.